**TAPUNU`U AH SOON,**

v.

**FONOTI TAFA`IFA, et al.**

High Court of American Samoa
Trial Division

LT No. 03-97

December 2, 1997

Before RICHMOND, Associate Justice, LOGOAI, Associate Judge, and ATUILAGI, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima
For Defendant Fonoti Tafa'ifa, Afoa L. Su'esu'e Lutu
For Defendants A.P. Lutali, American Samoa Government and Territorial Registrar, Aitofele Sunia, Assistant Attorney General
For Defendants Asaua and Della Fuimaono, Asaua Fuimaono
For Defendants Sila Poasa, Frank Gaisoa, and Mr. and Mrs. John Slade, Tautai A.F. Faalevao

236

The motion to dismiss came regularly before this court on May 21, 1997. All defendants join in the motion.

## Alleged Facts

Plaintiff's suit is based upon an alienation of communal land of the family Fonoti, in the village of Tafuna. Plaintiff asserts that defendants Siolei Fonoti, Leloga Fonoti, Eseta Fonoti, Sila Poasa, Falesa Poasa, Asaua Fuimaono, Della Fuimaono, Mr. & Mrs. John Slade and Frank Gaisoa were granted deeds of individual title to Fonoti communal land from the present senior Matai of the Fonoti, Fonoti Tafa'ifa ("Tafa'ifa).

Plaintiff asserts that the defendants all filed their deeds with the Territorial Registrar. The deeds then came before the Land Commission for review. At the hearing for review plaintiff, and other family members, gave their objections to the alienation of the lands. On September 20, 1996 the Land Commission issued a recommendation to the governor to reject the attempts to alienate the Fonoti communal land. On November 8 and 10, 1996 the Governor approved the alienation of the parcels of Fonoti communal land, in spite of the Land Commission's recommendation.

Plaintiff first claims that she was not given adequate opportunity to be heard after the Land Commission hearing and before governor approval, and further complains that the Land Commission failed to provide her notice of the Land Commission's recommendation. Next, plaintiff claims that Tafa'ifa has breached her fiduciary duty as a Matai of the Fonoti family. Finally, plaintiff claims that the Governor's decision to approve the alienation of the parcels was, in essence, arbitrary and capricious.

Defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted. T.C.R.C.P. 12(b)(6).

## Discussion

A.S.C.A. § 37.0203 sets forth the required procedures for the alienation of communal land. The statute prohibits a Matai from alienating family lands without the written approval of the Governor. Before the Governor approves any document affecting title to land, it must be reviewed by the Land Commission. A.S.C.A. § 37.0203(a). Plaintiff does not contend that any of these procedural requirements were not met. Rather, plaintiff believes that there should have been additional requirements pursuant to A.S.C.A. 4.1000 et seq.

A.S.C.A. § 4.1025 requires that all parties in a contested case are entitled to be heard, in this instance, by the Land Commission. *See also,*

*Moetoto v. Tauleva*, 28 A.S.R.2d 144 (1995). Here plaintiff admits to participating in the hearing before the Land Commission. Thus A.S.C.A. § 4.1025's requirement is obviously met.

■ A.S.C.A. § 4.1031 requires that all parties effected shall be notified of any decision and order, either personally or by mail. Although the Governor apparently issued his decisions on November 8 and 10, 1996, plaintiff claims that the Governor failed to provide the plaintiff with notice of these decisions, thus preventing the plaintiff from timely filing his petition for review. *See* A.S.C.A. § 4.1041. Although we will not discuss the merits of this claim, we believe that it does state a claim upon which relief can be granted.

■ Plaintiff also claims that Tafa'ifa has breached her fiduciary duty as a Matai of the Fonoti family. Defendants argue that since Tafa'ifa followed the statutory requisites for transferring communal land, she cannot be sued for breach of any fiduciary duty. Although we agree that plaintiff fails to assert that Tafa'ifa violated the statute, we cannot say that relief cannot be granted on a separate breach of fiduciary duty claim. We believe that plaintiff's second cause of action, may be a claim upon which relief can be granted.

Finally, plaintiff claims that the Governor's decision was, in essence, arbitrary and capricious. Defendant's argue that there can be no judicial review of the Governor's decision to alienate land. This argument is specious at best. A.S.C.A. § 4.1040 specifically grants a person a right to judicial review of a final decision.[1] Although A.S.C.A. § 4.1041 requires that a petition for review be filed within 30 days after the final administrative decision, whether this requirement was met will depend on the outcome of the plaintiff's first cause of action. For now it is sufficient to recognize that the plaintiff's third cause of action states a claim upon which relief can be granted.

### Conclusion

For the reasons stated above, defendants' motion to dismiss is DENIED.

---

[1] For purposes of this statute the Governor qualifies as an "agency." *See Moetoto v. Tauileva*, 28 A.S.R.2d 144, footnote 1 (Land & Titles Div. 1995).